#400

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

19    393

| | |
|---|---|
| Vickie Thorne, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| Pep Boys-Manny, Moe & Jack Inc, | |
| Defendant. | |

FILED
JAN 16 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

### INTRODUCTION

1.    Plaintiff Vickie Thorne ("Plaintiff" or "Ms. Thorne"), on behalf of herself and all others similarly situated, through his undersigned attorneys, alleges the following based upon personal knowledge as to allegations regarding herself, and on information and belief or the investigation of her attorneys as to all other allegations:

2.    Pep Boys-Manny, Moe & Jack Inc ("Defendant") is an independent tire dealer/distributor, meaning its business is not owned or controlled by a tire manufacturer or brand name owner ("Independent Tire Dealer").    *See* 49 C.F.R. § 574.3(c)(1). Class Members are Ms. Thorne and others who purchased tires from Defendant.

3.    This class-action seeks monetary damages, restitution, injunctive and declaratory relief from Defendant arising from their willful failure to register or otherwise provide federally-required tire-registration forms to Class Members who purchased tires from Defendant.

4.     As explained more fully below, federal law requires that, for each tire sold, Independent Tire Dealers like Defendant must either (1) provide the tire purchaser with a paper tire-registration form containing the Independent Tire Dealer's contact information and the entire, federally mandated tire identification number ("TIN") of each tire sold, so that the purchaser can add his or her name and contact information to the tire-registration form and send it to the tire manufacturer, or (2) transmit that information directly to the tire manufacturer for the purchaser, either in paper form or electronically. [1] See 49 C.F.R. § 574.8.

5.     In the event of a safety recall, this federally-required information plays a crucial role, because it enables the tire manufacturer to fulfill its statutory mandate to promptly notify the tire owner of that recall by first-class or certified mail, so that the consumer can replace his or her defective tires with non-defective tires.

6.     If the tire manufacturer does not have a consumer's name and address, the tire manufacturer cannot reach the consumer to notify him or her in case of a recall, which exposes consumers to injury or death.

7.     During the Class Period[2] (defined below), Defendant sold millions of tires to Class Members without registering those tires with the tire manufacturer or providing Class

---

[1] Unlike Independent Tire Dealers, tire dealers and distributors controlled by a manufacturer or brand name owner are required to directly register newly purchased tires for the consumer and to forward the registration information to the tire manufacturer. 49 C.F.R. § 574.8(b).

[2] The Class Period shall encompass all sales of tires by Defendants from October 1, 2012 through the present.

Members with the tire-registration forms necessary to enable them to register the tires themselves.

8.     Defendant's conduct spared its tire sales personnel from taking the extra few moments required to comply with federal law, freeing up those sales personnel to sell more tires. Defendant was unjustly enriched by the sales it made during the time it would have taken to register Class Members' tires with the tire manufacturers or provide Class Members with the tire-registration forms.

9.     This dangerous practice has exposed and continues to expose Class Members to harm, and deprives them of the full benefit of their tire purchases. For example, Class Members were harmed because they received only part of what they paid for. More specifically, when buying tires, Class Members not only pay for the tires, but also pay the cost of Defendant's compliance with federal law, which enables tire makers to be able to reach them in the event of a tire recall.

10.     Defendant's failure to comply with the tire registration requirements constitutes a misrepresentation that those tire sales comply with federal law, when they do not.

11.     Alternatively, non-registration constitutes an actionable representation by omission because it leaves Class Members with the false impression that they can be reached by the tire manufacturer in the event of a safety-related recall.

## PARTIES

12.     Plaintiff Vickie Thorne is a resident of Rocky Mount, North Carolina. Plaintiff purchased tires from Pep Boys during the class period.

13.    Defendant Pep Boys is a Delaware corporation with a principal place of business at 3111 West Allegheny Avenue, Philadelphia, Pennsylvania. Defendant Pep Boys – directly and/or through its subsidiaries, which it wholly owned and/or controlled – sold tires to consumers throughout the United States, including in this District, during the Class Period. Upon information, Defendant's failure to follow the tire-registration rule when it sold tires to Plaintiff was either (1) the result of a corporate decision made at Defendant's headquarters in Pennsylvania, or (2) the result of a corporate failure to investigate and monitor whether Defendant's local retail stores were following the federal rule, and if not, why not.

## JURISDICTION AND VENUE

14.    This Court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) because: (1) this is a class action involving more than 100 class members; (2) some members of the proposed Classes are citizens of a state different from the Defendant; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

15.    Alternatively, this Court has subject-matter jurisdiction because of Plaintiffs' claims arising under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq.

16.    This Court has personal jurisdiction over Defendant because Defendant is a Delaware corporation with its principal place of business in Pennsylvania. Defendant voluntarily submitted to the jurisdiction of Pennsylvania when it engaged in substantial

business activities in Pennsylvania and purposefully directed their actions towards Pennsylvania.

17.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; Defendant is believed to maintain records in this District relevant to their stores' compliance or noncompliance with the federal tire-registration requirement; and Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

### *Ineffective recalls are causing death and injury to consumers*

18.    Tires are among the most important components on a vehicle. They are expected to be durable and versatile enough to maintain friction through thousands of acceleration, braking, and turning events under varying weather conditions, such as snow and rain.

19.    According to data published in the *Modern Tire Dealer*, a leading industry publication, in 2013, the tire industry shipped 278.3 million new tires for passenger vehicles and light trucks.[3] That total included 44 million original equipment tires for new passenger vehicles and 201.6 million replacement tires for passenger vehicles. Another 4.4 million original equipment tires and 28.3 million replacement tires were shipped for light

---

[3] *MTD* is a periodical publication (available in digital and print formats) intended to "ensure that independent tire dealers and their suppliers succeed." *See* http://mediakit.moderntiredealer.com/Default.aspx, accessed July 23, 2018.

trucks. In 2016, the tire industry was estimated to be a $ 38.1 billion industry, as illustrated below.[4]



20.     Quality and durability of tires have been improving throughout time. Nevertheless, tire-related crashes still occur regularly. In 2013, a total of 539 people died in passenger vehicle tire-related crashes in the United States. From 2007 to 2012, about 33,000 tire-related crashes occurred annually, resulting in about 19,000 injuries each year, according to the National Transportation Safety Board ("NTSB").[5]

21.     In 2014, the NTSB launched a special investigation following four tire-related accidents in Florida, Louisiana, Arizona and California that killed 12 people and injured 42 others. The board found that only one in five defective tires was being taken out of service via recall. More than half of recalled tires remained in use.

---

[4]  *See*  http://www.moderntiredealer.com/uploads/stats/mtd-51st-facts-1.pdf,  last accessed May 18, 2018.
[5] NTSB Special Report at 1.

22. A 2015 NBC News report regarding unregistered tires provided examples of motor vehicle fatalities that occurred while operating vehicles with recalled, unregistered tires.

23. These accidents include a multi-passenger van that crashed in Lake City, Florida in 2014. In that crash, the driver thought he might have an issue with a tire, but since the defect was internal, he couldn't find the problem and kept driving. The tire failed and the van flipped over. Two passengers were killed, and eight were injured:



24. The tire in the Florida crash had been recalled more than a year earlier because of an internal defect, but had not been registered with the tiremaker.

25. In a second such accident in 2014, a woman was killed and her husband gravely injured after a recalled tire blew out on a pickup truck and forced their SUV off the road on Interstate 95 in South Carolina:



26.    The couple's son alleged in a lawsuit that the South Carolina accident was caused by a tire that had been recalled by Michelin, without the knowledge of the pickup truck's owner or driver.

27.    A lawsuit in 2015 over defective tires sold by a tire store in North Carolina revealed that the tires at issue were not registered. As a result, one person died and others suffered permanent, disabling injuries that were caused by the defective tires. Through discovery, the plaintiffs found the tire store never provided the purchasers in their case with registration cards or registered their tires, nor had it provided forms or registration to *any* of their customers for years until the lawsuit.  Because of the store's failure to comply with the law, when the tire manufacturer, Michelin North America, Inc., issued a recall of the tires, the notices could not reach the victims in time.  Consequently, the tires caused fatal and disabling injuries to the victims.

*28.*    These examples illustrate how consumers are exposed to foreseeable harm and injury by Defendant's unlawful practice, described below, of selling unregistered tires without providing registration cards.

29.    As referenced above, though 3.2 million tires were recalled between 2009 and 2013, most of the drivers using them were unaware of the recalls.[6]

30.    Federal regulations require that each tire manufacturer compile a list of individuals or entities that have purchased its tires, so tire manufacturers can contact these individuals and entities in the event of a recall. *See* 49 C.F.R. § 574.7.

31.    Under normal circumstances, this list is compiled through the process of tire registration, which plays the most vital role in the recall process, because, without it, tire manufacturers cannot identify and notify a tire purchaser in the event of a safety recall.[7]

32.    Federal investigators have determined that the failure of Independent Tire Dealers to comply with the federal tire registration law is a major contributor to the ineffectiveness of tire recalls.[8] For example, in 2015, the NTSB reported that only about 20 percent of affected tires are returned to the manufacturer in a typical tire recall.[9] NTSB also reported that while manufacturer-controlled tire dealers registered nearly all the tires they sold, only about 10% of tires sold by Independent Tire Dealers are registered.

33.    As alleged above, an Independent Tire Dealer is "one whose business is not owned or controlled by a tire manufacturer or brand name owner." 49 C.F.R. § 574.3(c)(1). Defendant is an Independent Tire Dealer.    As an Independent Tire Dealer, Defendant is, in relevant part, required to do one of the following each and every time they sell tires:

---

[6] NTSB Special Report at 11.
[7] *Id.* at 12.
[8] *Id.* at 15.
[9]    https://www.ntsb.gov/news/press-releases/Pages/PR20151027.aspx;    NTSB Special Report at 19.

(a) provide each tire purchaser with a paper tire registration form[10] to send to the tire manufacturer at the consumer's expense, on which the Independent Tire Dealer has recorded the entire TIN of each tire sold or leased to the tire purchaser, along with the Independent Tire Dealer's contact information. The tire purchaser needs to add his or her name and address to the form and mail it to the tire manufacturer or the tire manufacturer's designated agent to complete the tire registration process;

(b) record the following information on a paper tire-registration form and return that form to the tire manufacturer or the tire manufacturer's designated agent at no cost to the tire purchaser within a specified time period (generally 30 days): (i) the tire purchaser's name and address, (ii) the entire TIN of each tire sold or leased to the tire purchaser; or

(c) electronically transmit the following information to the tire manufacturer or the tire manufacturer's designated agent at no cost to the tire purchaser within a specified time period (generally 30 days): (i) the tire purchaser's name and address, (ii) the entire TIN of each tire sold or leased to the

---

[10] Paper tire registration forms must comply with 49 C.F.R. § 574.7(a).

tire purchaser. Independent Tire Dealers who chose option

No. 3 must include a statement to that effect on the invoice

and provide the invoice to the tire purchaser.

34.     Through lobbying by industry trade groups (which opposes a more robust

tire-registration system), the federal tire-registration system imposes a responsibility on

Independent Tire Dealers that does not take much for Defendant to fulfill: Defendant's

personnel could have jotted down the TIN from each tire sold on a piece of paper or enter

it into a computer, added come contact information, and either handed the form to the

consumer to mail his or herself, or transmitted that information to the tire manufacture for

the consumer. There are many other ways that Defendant could have chosen to comply

with the statutory requirements.

35.     Nonetheless, Defendant has chosen to willfully refuse to comply with these

very minimal requirements in order so that its sales personnel can spend those extra few

moments selling more tires.

36.     Collectively, Defendant's decision to sell, rather than register, more tires has

put and continues to put the health and welfare of each and every Class Member at risk,

because, as the tire-registration form Defendant has chosen **not** to give class members

plainly warns "IMPORTANT" . . . "In case of a recall, we can reach you only if we have

your name and address."    574.7(a)(2)(iii)(B)(1)-(2) (all caps in prescribed by statute).

37.     The purpose of this lawsuit is to remedy the harm done to Class Members by

Defendant's dangerous practice of ignoring this fundamental safety regulation, and to

obtain injunctive relief requiring Defendant to comply with federal tire-registration law in the future.

***Facts specific to named plaintiff Vickie Thorne***

38.    Plaintiff Vickie Thorne is a resident of Rocky Mount, North Carolina.

39.    On January 19, 2017, Ms. Thorne bought tires from a Pep Boys store in Richmond, Virginia and was not handed a tire-registration form, nor does Ms. Thorne's invoice indicate that Pep Boys transmitted the federally-required information directly to the tire manufacturer.

40.    As a result, Defendant has failed to provide the information necessary to let the tire manufacturer know Ms. Thorne is a purchaser of its tires.

41.    When Ms. Thorne purchased the tires from Defendant, she paid and expected to be reachable if such representations are no longer accurate and if the tires are recalled by the manufacturer.

42.    Ms. Thorne's situation is typical and representative of millions of consumers who bought tires from independent tire retailers such as Defendant, without being provided with registration cards or having the tires registered for them, in violation of federal law.

## CLASS ALLEGATIONS

43.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent the following classes:

    (a) The "Nationwide Class," which consists of: All consumers in the United States and its territories who purchased a tire from Defendant or their subsidiaries during the class period for their personal use, rather than for resale or distribution, without being provided with a registration card. Excluded from the Nationwide Class are Defendant's current or former

officers, directors, employees, Defendant's parents, any entity in which Defendant has a controlling interest; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

(b) The "**North Carolina Subclass**," which consists of: All consumers within the State of North Carolina who purchased a tire from the Defendants or their subsidiaries during the class period for their personal use, rather than for resale or distribution, without being provided with a registration card. Excluded from the North Carolina Subclass are Defendants' current or former officers, directors, employees, Defendants' parents, any entity in which Defendants have a controlling interest; counsel for Plaintiff and Defendants; and the judicial officer to whom this lawsuit is assigned.

44.    Should the Court decide not to certify the Nationwide Class described above, Plaintiff seeks certification of state Subclasses corresponding to Class members' state of residency.

45.    Plaintiff reserves the right to expand, limit, modify, or amend these class definitions, including the addition of more subclasses, in connection with his motion for class certification, or any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

46.    The members of the Classes are so numerous that joinder is impractical. While the exact number of class members is presently unknown to Plaintiff, based on Defendant's volume of sales, Plaintiff estimates each class numbers in the thousands.

47.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant engaged in unfair, unlawful, or fraudulent business practices under states' consumer protection law;

(b) Whether Defendant misrepresented and/or failed to disclose material facts about their tire-registration process;

(c) Whether Defendant has made false or misleading statements of fact concerning the existence of its tire registration process;

(d) Whether Defendant's conduct, as alleged herein, was intentional and knowing;

(e) Whether Class members are entitled to damages and/or restitution, and in what amount;

(f) Whether Defendant is likely to continue using false or misleading sales of unregistered tires such that an injunction is necessary; and

(g) Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of suit.

48.    Plaintiff's claims are typical of the claims of the members of the Classes because she, like all members of the Classes, purchased tires from Defendant while Defendant made either (1) a false representation to her that the tires were safe, when in fact they were not safe because they were not registered, or (2) a half-truth or omission by leaving Plaintiff with the false impression that the tire manufacturer would be able to reach her in the event of a safety-related recall.    Accordingly, Plaintiff has no interests antagonistic to the interests of any other member of the Class.

49.    Plaintiff will fairly and adequately represent and protect the interests of the members of each Class. Plaintiff does not have any interests which are adverse to those of the class members. Plaintiff has retained competent counsel experienced in class-action litigation and intends to prosecute this action vigorously.

50.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all

members of the Classes is economically unfeasible and procedurally impracticable. While

the aggregate damages sustained by the Classes are significant, the individual damages

incurred by each member of the Classes resulting from Defendant's wrongful conduct are

too small to warrant the expense of individual lawsuits. The likelihood of individual Class

members prosecuting their own separate claims is remote, and, even if every member of

the Classes could afford individual litigation, the court system would be unduly burdened

by individual litigation of such cases.

51.    The prosecution of separate actions by members of the Class would create a

risk of establishing inconsistent rulings and/or incompatible standards of conduct for

Defendant. For example, one court might enjoin Defendant from performing the challenged

acts, whereas another might not. Additionally, individual actions may be dispositive of the

interests of the Class, although certain class members are not parties to such actions.

52.    The conduct of Defendant is generally applicable to the Classes as a whole

and Plaintiff seeks, inter alia, equitable remedies with respect to the Classes as a whole. As

such, the systematic policies and practices of Defendant make declaratory relief

appropriate.

## FIRST CAUSE OF ACTION

### Breach of the Implied Warranty of Merchantability
### N.C. Gen. Stat § 25-2-314

53.    Plaintiff repeats, realleges, and incorporates by reference the allegations set

forth in this Complaint, as though fully set forth herein.

54.    Defendant is a "merchant" as defined under the UCC.

55.     The unregistered tires are "goods" as defined under the UCC.

56.     Defendant impliedly warranted that the unregistered tires were of a merchantable quality.

57.     Defendant breached the implied warranty of merchantability because consumers were harmed by being exposed to high risk of injury without their knowledge or consent when they purchased tires that were unregistered.

58.     During the Class Period, Defendant marketed, sold, or distributed unregistered tires in North Carolina by engaging in the acts and practices described above. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures, as described above, have made the tires purchased by Plaintiff and the other Class members not "fit for the ordinary purposes for which such goods are used."   N.C. Gen. Stat § 25-2-314.

59.     Plaintiff and Class Members' interactions with Defendant suffice to create privity of contract between Plaintiff and Class Members, on the one hand, and Defendant, on the other hand.

60.     Plaintiff and Class Members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

61.     Defendant knew that they were required to follow federal law governing tire registration.

62.     Defendant's unlawful conduct had the following effects: Plaintiff and Class members were not provided with any registration cards as required by federal law, could

not be reached by manufacturers when tires were recalled by manufacturers, and were not made aware of their rights to replace tires in the event of a tire recall. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class members have been injured in their property and are threatened with further injury.

63.     Plaintiff and Class members suffered injury in fact and lost money or property as a result of breach of warranty by Defendant.

64.     Defendant's acts violated the tires' implied warranty under N.C. Gen. Stat. § 25-2-314 and, accordingly, Plaintiff and Class members were injured and are entitled to damages.

## SECOND CAUSE OF ACTION
### Violation of the Magnuson-Moss Warranty Act ("MMWA")
### 15 U.S.C. § 2301 et seq.

65.     Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in this Complaint, as though fully set forth herein.

66.     Plaintiff and Class members are "consumers" within the meaning of the MMWA. 15 U.S.C. § 2301(3).

67.     The unregistered tires are "consumer products" within the meaning of the MMWA.  15 U.S.C. § 2301(1).

68.     Defendant is a "supplier" and a "warrantor" within the meaning of the MMWA. 15 U.S.C. § 2301(4)-(5).

69.     The amount in controversy in each Plaintiff's individual claim meets or exceeds the sum of $25. The total amount in controversy of this action in sum exceeds

$50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

70.    As set forth herein, Defendant breached their warranties with Plaintiff and Class members.

71.    During the Class Period, Defendant marketed, and sold unregistered tires nationwide without providing registration cards to consumers. Defendant's unlawful conduct had the following effects: Plaintiff and Class members were not provided with any registration cards as required by federal law, were not made aware of their rights to replace tires in the event of a tire recall, and could not be reached by manufacturers when tires were recalled by manufacturers.

72.    As a direct and proximate result of Defendant's breach of implied warranties pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff and Class members were injured and are entitled to damages.

73.    Plaintiff and Class members are also entitled to seek costs and expenses, including attorneys' fees, under the MMWA.  15 U.S.C. § 2310(d)(2).

<u>**THIRD CAUSE OF ACTION**</u>
**Violation of the Unfair Trade Practices and Consumer Protection Law of Pennsylvania ("UCPCPL"), 73 P.S. § 201–1 *et seq.***

74.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in this Complaint, as though fully set forth herein.

75.    Defendant engaged in "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" under the UCPCPL when they marketed,

sold, or distributed unregistered tires in Pennsylvania by engaging in the acts and practices described above. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures were unfair, deceptive, and misleading.

76.     During the Class Period, Defendant's unlawful conduct had a substantial effect on Pennsylvania commerce.

77.     Some of Defendants' unlawful conduct occurred within Pennsylvania; for instance, Defendants' executives and employees based at its Pennsylvania headquarters did not ensure that its retail employees complied with the federally mandated tire-registration process.

78.     Defendant's unlawful conduct had the following effects: Plaintiff and Class members were not provided with any registration cards as required by federal law, could not be reached by manufacturers when tires were recalled by manufacturers, and were not made aware of their rights to replace tires in the event of a tire recall. Defendant's deceptive act is likely to deceive consumers acting reasonably under similar circumstances and Plaintiff's reliance on Defendant's misrepresentations was justifiable. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class members have been injured in their business and property and are threatened with further injury.

79.     Defendant has engaged in unfair and deceptive acts or practices in violation of 73 P.S. § 201-1 *et seq.*

80.     Plaintiffs are entitled under 73 P.S. § 201-1 *et seq.* to bring a civil action to remedy Defendant's violations and collect treble damages.

81.    Accordingly, Plaintiff and Class members seek all relief available under 73 P.S. § 201-1 *et seq*.

### FOURTH CAUSE OF ACTION
### Violation of the North Carolina Unfair Trade Practices Act
### N.C. Gen. Stat. § 75-1.1

82.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in this Complaint, as though fully set forth herein.

83.    Defendant engaged in "unfair or deceptive acts or practices in or affecting commerce" under the North Carolina Unfair Trade Practices Act when it marketed, sold, or distributed unregistered tires in North Carolina by engaging in the acts and practices described above. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures were unfair, deceptive, and fraudulent.

84.    During the Class Period, Defendant's unlawful conduct had a substantial effect on North Carolina commerce.

85.    Defendant's unlawful conduct had the following effects: Plaintiff and Class members were not provided with any registration cards as required by federal law, could not be reached by manufacturers when tires were recalled by manufacturers, and were not made aware of their rights to replace tires in the event of a tire recall. Additionally, Plaintiff and Class members overpaid for the tires because they paid for safe tires about whose details they could be contacted if necessary. Defendant made extra sales during the time it would have taken to registering Class Members' tires with the tire manufacturer or provide Class Members with the tire-registration forms.

531384.3                                  20

86.     Therefore, as a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class members have been injured in their business and property and are threatened with further injury.

87.     Defendant has engaged in unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1.

88.     Plaintiff is entitled under N.C. Gen. Stat. § 75-16 to bring a civil action to remedy Defendants' violations and collect treble damages.

89.     Accordingly, Plaintiff and Class members seek all relief available under N.C. Gen. Stat. §§ 75-1.1 and 75-16, including treble damages and attorneys' fees.

### FIFTH CAUSE OF ACTION
#### Unjust Enrichment

90.     Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in this Complaint, as though fully set forth herein.

91.     Plaintiff has alleged that (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation of such benefit by the defendant, and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff.

92.     Plaintiff and Class members have conferred a measurable benefit on Defendant by purchasing the unregistered tires and purchasing tires without receiving any registration cards.

93.     As alleged in this Complaint, Defendant has been unjustly enriched as a result of their wrongful conduct. Defendant was unjustly enriched when they made extra

sales during the time it would have taken to registering Class Members' tires with the tire

manufacturer or provide Class Members with the tire-registration forms.  As a result of

their unlawful conduct described above, Defendant has been and will continue to be

unjustly enriched.

94.    Retention of such revenues under these circumstances is unjust and

inequitable.

95.    Plaintiff and Class members are accordingly entitled to equitable relief

including restitution and/or disgorgement of all revenues, earnings, profits, compensation,

and benefits that may have been obtained by Defendant as a result of such wrongful

practices, as ordered by the Court.

### SIXTH CAUSE OF ACTION
**Common-Law Negligence**

96.    Plaintiff repeats, realleges, and incorporates by reference the allegations set

forth in this Complaint, as though fully set forth herein.

97.    To establish actionable negligence, one must show in addition to the

existence of a duty, a breach of that duty and loss or damage caused by the breach, and

actual loss or damage to another. All such essential elements exist here.

98.    Based on Defendant's actions as detailed above, Defendant had and have a

duty to exercise reasonable care in the marketing and selling of tires, including providing

registration cards to consumers.  Defendant's duty is created in part by the fact that between

Defendant and Plaintiffs, Defendant exclusively had the expertise regarding the safety of

the tires they sold and the need for the tires to be registered so that their purchasers could be reached in the event of a recall.

99.     Defendant's duty also arises from their legal obligation under federal law to provide registration cards to consumers.  See 49 C.F.R. 574.8(a).

100.    Defendant breached this duty by their conduct previously described above.

101.    As a proximate result, Defendant has caused Plaintiff and the members of the Classes injury related to the purchase of their tires.

102.    Defendant owed the aforesaid duties to Plaintiff and the members of the Classes because the injuries alleged herein were foreseeable by the Defendant, and because Defendant was obligated by federal law to provide the registration forms.

103.    The injuries to Plaintiff and Class members would not have happened in the ordinary course of events had Defendant used due care.

104.    Plaintiff and the member of the Classes seek compensatory damages for its monetary losses, plus interest and the cost of this action.

## SEVENTH CAUSE OF ACTION
### Negligence per se

105.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in this Complaint, as though fully set forth herein.

106.    Defendant had and has a duty to comply with above-cited federal rule.

107.    Defendant violated 49 C.F.R. § 574.8 by knowingly or intentionally omitting registration or provision of registration forms for tires sold to consumers, and by

continuously selling unregistered tires without providing consumers with registration forms.

108.    Failure to comply with 49 C.F.R. § 574.8 constitutes negligence per se.

109.    Defendant has by their acts and omission, proximately caused and substantially contributed to damages to Plaintiff and members of the Classes by violating federal rules, and by their negligent and reckless disregard of the interest and safety of consumers, and of standards and practices within their own industry.

110.    Plaintiff and Class members have suffered and will continue to suffer damages as the proximate result of the failure by Defendant to comply with federal rules.

**EIGHTH CAUSE OF ACTION**
**Injunctive Relief**

111.    Plaintiff repeats, realleges, and incorporates by reference the allegations set forth in this Complaint, as though fully set forth herein.

112.    Plaintiff and Class members are purchasers of unregistered tires or tires without registration cards sold by Defendants.

113.    Defendant's willful and continuous sale of a large quantity of unregistered tires or tires without providing registration cards to Plaintiff and Class members constitutes an actual and substantial injury to Plaintiff and Class members.

114.    Plaintiff and Class members have no other complete, speedy, and adequate remedy at law by which to prevent harm to themselves.

115.    Defendant has acted or refused to act on grounds that apply generally to the Class, so that injunctive relief or corresponding declaratory relief under Fed. R. Civ. P.

23(b)(2) is appropriate respecting the class as a whole. Class members' claims are so inherently intertwined that injunctive relief as to anyone in the Class will constitute injunctive relief as to all. Further, the Class's claims are so common that they may be determined without reference to individual circumstances and will justify injunctive relief appropriate for all members of the Class.

116.    To the extent a Court in this district would apply the so-called "necessity doctrine" to an injunctive-relief Class, a class action is necessary here as the only just way to adjudicate Plaintiff's and the Class's claims. Defendant's actions create doubt that they would apply required relief here to consumers across the board, and Defendant may seek to render named Plaintiff's claims moot.

117.    Plaintiff and the Class are therefore entitled to an injunction preventing Defendant from selling unregistered tires or tires without registering those tires with the manufacturer or providing registration cards to consumers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of the Classes demand a jury trial on all claims so triable and judgment against Defendant as follows:

A.    An order certifying that this action may be maintained as a class action, that Plaintiff be appointed Class Representative, and that Plaintiff's counsel be appointed Class Counsel;

B.    Restitution and/or disgorgement of amounts paid by Plaintiff and members of the Classes for the purchase of the replacement tires, together with interest from the date of payment;

C.    Actual damages;

D.    An order granting injunctive relief;

E.    Statutory prejudgment interest;

F.    Reasonable attorneys' fees and the costs of this action, including costs of administration and notice;

G.    Other legal and equitable relief under the causes of action state herein; a

H.    A trial by jury on all issues so triable; and

I.    Such other relief as this Court may deem just and proper.

Dated:  January 14, 2019

Cuneo Gilbert & LaDuca, LLP
/s/ Alex Warren
Alexandra Warren
Charles J. LaDuca
Brendan S. Thompson
Yifei ("Evelyn") Li
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
awarren@cueolaw.com
charles@cuneolaw.com
brendant@cuneolaw.com
evelyn@cuneolaw.com
*Attorneys for Plaintiffs*

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
/s/ Robert K. Shelquist
Robert K. Shelquist, #021310X (MN)
Rebecca A. Peterson, #0392663 (MN)
Eric N. Linsk, #0388827 (MN)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
rnlinsk@locklaw.com
*Attorneys for Plaintiffs*

The Kessler Law Firm PLLC
/s/ Chris Kessler

Christopher C. Kessler, #18696 (NC)
PO Box 8064
Greenville, NC 27835
(252) 321-2535
cck@kesslerlawfirmpllc.com
Attorney for Plaintiffs

MCDOUGALL LAWFIRM, LLC
/s/ J. Olin McDougall, II
J. Olin McDougall, II, Esquire
Post Office Box 1336
115 Lady's Island Commons
Beaufort, South Carolina 29901-1336
(843) 379-7000
(843) 379-7007-Fax
lin@mlf.law
Attorney for Plaintiffs

Fazio | Micheletti LLP
/s/ Dina E. Micheletti
Dina E. Micheletti
2410 Camino Ramon, Suite 315
San Ramon, CA  94583
T:  925.543.2555
F:  925.369.0344
dem@fazmiclaw.com
Attorney for Plaintiffs

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Vickie Thorne, Individually and on behalf of all others similarly situated | Pep Boys-Manny, Moe & Jack Inc. |

**(b)** County of Residence of First Listed Plaintiff  Nash County, NC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment below.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
49 C.F.R. § 574.8

Brief description of cause:
willful failure to register or otherwise provide federally-required tire-registration forms to tire purchasers

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

JAN 16 2019

DATE  Jan. 7 p. 2019

SIGNATURE OF ATTORNEY OF RECORD  Alex Warren

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

List of Attorneys for Plaintiffs

Cuneo Gilbert & LaDuca, LLP
/s/ Alexandra Warren
Alexandra Warren
Charles J. LaDuca
Brendan S. Thompson
Yifei ("Evelyn") Li
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
awarren@cuneolaw.com
charles@cuneolaw.com
brendant@cuneolaw.com
evelyn@cuneolaw.com
*Attorneys for Plaintiffs*

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
/s/ Robert K. Shelquist
Robert K. Shelquist, #021310X (MN)
Rebecca A. Peterson, #0392663 (MN)
Eric N. Linsk, #0388827 (MN)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com
rnlinsk@locklaw.com
*Attorneys for Plaintiffs*

The Kessler Law Firm PLLC
/s/ Chris Kessler
Chris Kessler
PO Box 8064
Greenville, NC 27835
(252) 321-2535
cck@kesslerlawfirmpllc.com
*Attorney for Plaintiffs*

MCDOUGALL LAWFIRM, LLC
/s/ J. Olin McDougall, II
J. Olin McDougall, II, Esquire
Post Office Box 1336
115 Lady's Island Commons
Beaufort, South Carolina 29901-1336
(843) 379-7000
(843) 379-7007-Fax
lin@mlf.law
*Attorney for Plaintiffs*

Fazio | Micheletti LLP
/s/ Dina E. Micheletti
Dina E. Micheletti
2410 Camino Ramon, Suite 315
San Ramon, CA  94583



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

 **19**    **393**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3847 E. Old Spring Hope Road Rocky Mount, NC 27804 _____

Address of Defendant: _____ 3111 West Allegheny Avenue, Philadelphia, Pennsylvania 19132 _____

Place of Accident, Incident or Transaction: _____ 4729 Wistar Rd. Richmond, VA 2322B _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 1/25/2019    *Alex Warren*    _____
     Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify)*

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☒ 9. All other Diversity Cases
     *(Please specify)*   sales of unregistered tires to consumers

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Alexandra Warren, counsel of record or pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JAN 16 2019

DATE 01/16/2018    *Alex Warren*    _____
     Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  | CIVIL ACTION |
|---|---|---|
| v. | : | |
| | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

| Jan. 28, 2019 | Alex Warren | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 202-789-3960 | 202-789-1813 | awarren@cunedavis.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 16 2019

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.