# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKIE THORNE, individually and on behalf of all others similarly situated,<br>           Plaintiff,<br><br>      v.<br><br>PEP BOYS-MANNY, MOE & JACK INC,<br>           Defendant. | CIVIL ACTION<br><br><br><br>NO. 19-393 |

**MEMORANDUM**

**Joyner, J.**                                                       **February 6, 2020**

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for lack of standing under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Rule 12(b)(6).  For the reasons that follow, the Motion will be granted in part and denied in part.

## Factual Background

Plaintiff Vickie Thorne brings a putative class action against Defendant Pep Boys - Manny, Moe & Jack, Inc. pursuant to 49 C.F.R. § 574.8 for its alleged failure to provide tire registration information about tires that Plaintiff, and all others similarly situated, purchased from Defendant.  (Pl. Amended Class Action Compl., Doc. No. 24 ¶53.)  Specifically, Plaintiff argues that because 49 C.F.R. § 574.8 requires Defendant, as an independent tire distributor or dealer, to

1

provide to tire purchasers a tire registration form or invoice showing that Defendant gave certain information to the tire manufacturer, its failure to do either renders her unable to independently determine whether her tires have been recalled due to defects and the manufacturer unable to notify her should any defects be discovered in the tire models that she purchased. (Doc. No. 24 ¶¶2, 53-55, 59.) Plaintiff claims that the regulatory violation itself; economic loss incurred from buying unregistered tires; the "imminent risk" posed by driving on tires that might be defective; having "no way of knowing if the tires were properly registered with the tire manufacturer; and being unreachable by the tiremaker" all constitute concrete harms. (Pl. Opp. to Def. Motion to Dismiss Amended Class Action Compl., Doc. No. 20 at 1, 10; Doc. No. 24 ¶58.) Notably, Plaintiff does not contend that her tires actually suffer from a product defect. (Doc. No. 24 ¶58.)

The regulation at issue, 49 C.F.R. § 574.8, was promulgated under 49 U.S.C. § 30117. In 49 U.S.C. § 30117, Congress provided that "[t]he Secretary [of Transportation] shall require each distributor and dealer whose business is not owned or controlled by a manufacturer of tires to give a registration form (containing the tire identification number) to the first purchaser of a tire." In turn, 49 C.F.R. § 574.8(a)(1) provides that when qualifying tire distributors or dealers sell or lease

2

new tires to tire purchasers, these sellers must either: (1) give to the buyer a tire registration form stating the tire identification number and the seller's contact information; or (2) record electronically or "on a paper tire registration form . . . ." the buyer's address and name, the tire identification number, and the seller's contact information, and provide the form to the manufacturer at no cost to the buyer. 49 C.F.R. § 574.8(a)(1)(i)-(iii) (2009). If the seller chooses to electronically submit the required information to the manufacturer pursuant to 49 C.F.R. § 574.8(a)(1)(iii), then the seller must indicate so on the buyer's invoice and give that invoice to the buyer. Id. § 574.8(a)(4).

We previously dismissed Plaintiff's initial Complaint on grounds that Plaintiff lacked standing under Article III of the Constitution. Thorne v. Pep Boys - Manny, Moe & Jack Inc., 397 F. Supp. 3d 657, 668 (E.D. Pa. 2019). Here, in the Amended Complaint, Plaintiff brings eight Counts.[1] Defendant moves to dismiss the Amended Complaint on grounds that Plaintiff again

---

[1] The Counts include breach of the implied warranty of merchantability under N.C. Gen. Stat § 25-2-314; violation of the Magnuson-Moss Warranty Act 15 U.S.C. § 2301 et seq.; violation of the Unfair Trade Practices and Consumer Protection Law of Pennsylvania 73 P.S. § 201-1 et seq.; violation of the North Carolina Unfair Trade Practices Act N.C. Gen. Stat. § 75-1.1; unjust enrichment; common law negligence; negligence per se; and injunctive relief. (Doc. No. 24 ¶¶71-136.) Plaintiff seeks an order certifying the class, appointing her as Class Representative, and appointing her counsel as Class Counsel. (Id. ¶136.) Additionally, Plaintiff seeks damages; restitution or disgorgement; interest; injunctive relief; attorney fees; costs; and relief available under the causes of action. (Id. ¶136.)

3

fails to satisfy Article III's requirements and, alternatively, that Plaintiff's Counts fail for the reasons enunciated in Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint. (Def. Brief in Support of Motion to Dismiss Pl. Compl., Doc. No. 13-1; Def. Brief in Support of Def. Motion to Dismiss Pl. Amended Compl., Doc. No. 26-1.)

## **Analysis**

### Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject-Matter Jurisdiction

As noted, Defendant contends that Plaintiff lacks constitutional standing and moves to dismiss under Rule 12(b)(1). (See Doc. No. 26-1 at 6.) See also Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007); Fed. R. Civ. P. 12(b)(1). Defendant posits that its attack is facial, not factual. (Doc. No. 26-1 at 4.)

**I. Factual Challenges Versus Facial Challenges**

Courts distinguish between facial attacks and factual attacks under Rule 12(b)(1). Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In contrast to a factual attack, a facial attack on subject-matter jurisdiction "concerns 'an alleged pleading deficiency . . . .'" CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008), as amended (Sept. 29, 2008). See also Edmonson

v. Lincoln Nat. Life Ins. Co., 777 F. Supp. 2d 869, 877 (E.D. Pa. 2011). Courts adjudicating facial attacks under Rule 12(b)(1) use the same standard of review as used for motions to dismiss for failure to state a claim. Schuchardt v. President of the United States, 839 F.3d 336, 344 (3d Cir. 2016). Accordingly, the Court must determine whether the pleadings, on their face, adequately allege subject-matter jurisdiction. Constitution Party, 757 F.3d 347 at 358. Courts must consider only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. A plaintiff must plausibly allege facts supporting constitutional standing. Schuchardt, 839 F.3d at 344. The Court must accept all of a plaintiff's plausible allegations as true and draw all reasonable inferences in the plaintiff's favor. Id. at 343. However, "[c]onclusory assertions of fact and legal conclusions are not entitled to the same presumption." Id. at 346–47.

## II. Article III's Requirements for Constitutional Standing

Several principles guide our constitutional standing analysis. The constitutional standing assessment is separate from the assessment of the merits. Cottrell v. Alcon Labs., 874 F.3d 154, 162 (3d Cir. 2017), cert. denied sub nom. Alcon Labs., Inc. v. Cottrell, 138 S. Ct. 2029 (2018). See also Davis v. Wells Fargo, 824 F.3d 333, 348-50 (3rd Cir. 2016); CNA, 535 F.3d

at 145. Therefore, our standing analysis is limited to whether Plaintiff has constitutional standing; whether Plaintiff is entitled to relief under the Counts is a merits question that cannot be resolved during the constitutional standing inquiry. See CNA, 535 F.3d at 145. See also Edmonson, 777 F. Supp. 2d at 880.

In order to satisfy standing requirements under Article III, a plaintiff must adequately allege (1) an injury-in-fact that is (2) "fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." Lujan v. Defs. of Wildlife, 504 U.S. 555, 590 (1992) (internal citations omitted). See also Ballentine, 486 F.3d at 814. An injury-in-fact is "an invasion of a legally protected interest which is . . . concrete and particularized[,] . . . actual or imminent, not conjectural or hypothetical . . . ." Ballentine, 486 F.3d at 814. See also Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016); Lujan, 504 U.S. at 560. The Supreme Court has recognized that "'legally protected interests' may arise from the Constitution, from common law, or 'solely by virtue of "statutes creating legal rights, the invasion of which creates standing."'" Cottrell, 874 F.3d at 164 (quoting Lujan, 504 U.S. at 576-78 and Warth v. Seldin, 422 U.S. 490, 500 (1975)). Standing in a class action turns on whether the named plaintiff has standing. Mielo

v. Steak 'n Shake Operations, Inc., 897 F.3d 467, 478 (3d Cir. 2018). Thus, our standing analysis centers on Plaintiff Thorne.

At the center of the current dispute is whether Plaintiff's alleged harms are concrete. Whether violation of 49 C.F.R. § 574.8 entails a concrete injury appears to be an issue of first impression. To satisfy the requirement of concreteness, the alleged injury-in-fact "must actually exist." Spokeo, 136 S. Ct. at 1548. When facing questions surrounding whether an alleged intangible harm is concrete and "actually exist[s] . . . .," id., the Supreme Court has emphasized the utility of "both history and the judgment of Congress . . . .," id. at 1549. See also Kamal v. J. Crew Grp., Inc., 918 F.3d 102, 113 (3d Cir. 2019).

When Congress elevates a real harm into statute, Courts find concreteness. Crucially, however, Congress cannot circumvent the constitutional requirement of a concrete injury by conjuring up a harm in the absence of an actual, concrete injury. Spokeo, 136 S. Ct. at 1549. Instead, it is well-established that "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549. See also Kamal, 918 F.3d at 110.

Congress sometimes elevates harms arising from a failure to communicate legally required discloses. See, e.g., Cartmell v. Credit Control, LLC, 2020 WL 113829, at *9-10 (E.D. Pa. Jan. 10,

7

2020); Tonge v. Fundamental Labor Strategies, Inc., 277 F. Supp. 3d 809, 819 (E.D. Pa. 2017); Stokes v. Realpage, Inc., 2016 WL 6095810, at *7 (E.D. Pa. Oct. 19, 2016). For instance, Courts have found such elevation when Congress created a private right of action to enforce a statute and provided remedies, Tonge, 277 F. Supp. 3d at 819, and when Congress clearly contemplated conferring a well-established substantive right to receive certain information without deception, Cartmell, 2020 WL 113829, at *9-10. Additionally, Courts find Congressional will to elevate a particular harm when the statutory violation "goes to the core of the interests Congress sought to protect." Stokes, 2016 WL 6095810, at *7.

Here, setting aside that an agency, rather than Congress, created the law at issue, Cartmell is inapposite because Congress has not conferred upon tire buyers a right or interest under 49 C.F.R. § 574.8 to receive tire registration information. See Cartmell, 2020 WL 113829, at *9-10; § 574.8. See also Kamal, 918 F.3d at 113. Unlike the law in Tonge, 49 C.F.R. § 574.8 does not contain a private right of action or remedies for individual plaintiffs. See Tonge, 277 F. Supp. 3d at 819; § 574.8. Additionally, as we explained in our previous opinion, "[s]ection 574.8 of the Safety Act specifies that independent tire distributors and dealers must comply with the regulation at no charge to the tire purchaser." Thorne, 397 F.

8

Supp. 3d at 667. See also § 574.8(a)(1)(ii)-(iii). Because Plaintiff, as a matter of law, did not bargain for compliance with 49 C.F.R. § 574.8(a)(1), Plaintiff has not sufficiently pleaded that she suffered financial harm. Consequently, Plaintiff – who has not sufficiently alleged economic harm or that her tires suffer from a product defect – has failed to connect this regulatory record-keeping violation "to the core of the interests Congress sought to protect." Stokes, 2016 WL 6095810, at *7. Instead, Plaintiff has alleged merely a speculative harm attenuated from Congressional contemplation.

However, our analysis does not end here, as the Third Circuit "requires us to examine the allegations in the complaint from a number of different angles to see if [plaintiffs'] purported injury can be framed in a way that satisfies Article III." Mielo, 897 F.3d at 479 (alteration in original) (internal quotations omitted). See also Spokeo, 136 S. Ct. at 1549.

Just as "the judgment of Congress . . . .," id. at 1549, is useful for evaluating an alleged concrete harm, the Supreme Court has observed that "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit . . . .," id. at 1549. See also Kamal, 918 F.3d at 114. The Third Circuit recently looked to history for guidance: in Kamal, the plaintiff alleged that the defendant violated a

federal statute by printing on receipts part of plaintiff's credit card number and plaintiff's card issuer. Id. at 107. The Third Circuit found that the plaintiff's harm did "not have the requisite 'close relationship' with . . . [historical] actions because he does not allege disclosure of his information to a third party." Id. at 114 (quoting Spokeo, 136 S. Ct. at 1549). Similarly, Plaintiff here has not plead that her tires are actually defective. Her tires may become defective in the future, but her alleged harm is speculative. As in Kamal, the alleged harm here is akin to alleged harms that Courts have repeatedly rejected as not sufficiently concrete. See Kamal, 918 F.3d at 114; Hendrick v. Aramark Corp., 263 F. Supp. 3d 514, 520-21 (E.D. Pa. 2017).

Additionally, Courts decline to find a concrete harm when the violations were merely procedural and unaccompanied by actual harm. Spokeo, 136 S. Ct. at 1549; Mielo, 897 F.3d at 479; Moore v. Rite Aid Hdqtrs Corp., 2017 WL 6525796, at *7, *10 (E.D. Pa. Dec. 21, 2017). Correspondingly, a procedural violation coupled with a concrete harm or risk of actual harm can satisfy the concreteness requirement. Spokeo, 136 S. Ct. at 1549; Kamal, 918 F.3d at 111, 115, 116. See also Aramark, 263 F. Supp. 3d at 520-21. The Third Circuit explained that a risk of actual harm can constitute a concrete harm because "[w]hen a procedural right protects a concrete interest, a violation of

that right may create a sufficient 'risk of real harm' to the underlying interest to 'satisfy the requirement of concreteness.'" Kamal, 918 F.3d at 111 (quoting Spokeo, 136 S. Ct. at 1549). For instance, in Kamal, the plaintiff argued: (1) that illegally printing credit card information created a concrete harm and (2) that the increased risk of identity theft resulting from this alleged violation was a concrete harm contemplated by Congress. Kamal, 918 F.3d at 108. Notably, the plaintiff did not claim that his identity or credit card information were stolen. Id. at 107. As to the first alleged harm, the Third Circuit found that "the procedural violation is not itself an injury in fact." Id. at 113. In holding that the second alleged harm – the alleged risk – was not concrete, the Third Circuit found that plaintiff failed to "'clearly and specifically . . . [set] forth facts' showing a risk of harm . . . .," id. at 116, and that the "speculative chain of events does not constitute a material risk of harm," id. at 116.

Accordingly, we follow the Third Circuit in holding that a violation of 49 C.F.R. § 574.8's procedural record-keeping requirement "is not itself an injury in fact." Kamal, 918 F.3d at 113. Additionally, in our previous opinion addressing the initial Complaint, we held that Plaintiff alleged a procedural violation unattended by concrete harm or a risk of concrete harm. Thorne, 397 F. Supp. 3d at 667–68. Specifically,

11

Plaintiff failed to show harm or the requisite degree of risk because Plaintiff did not plead "that the tires she bought from Pep Boys were in fact, if ever, recalled . . . ." Id. Further, in the initial Complaint, Plaintiff did not sufficiently plead that she suffered financial harm because "[s]ection 574.8 of the Safety Act specifies that independent tire distributors and dealers must comply with the regulation at no charge to the tire purchaser." Id. at 667. See also § 574.8(a)(1). Plaintiff has not remedied these defects in the Amended Complaint at issue now, and Plaintiff has not included any additional material allegations to show the requisite degree of risk or facts supporting a different concrete harm. (Doc. No. 24; Pl. Compl., Doc. No. 1.) Instead, the added and amended allegations are merely retellings of legal conclusions and immaterial facts, such as discussion of the dangers of tire defects. (See, e.g., Doc. No. 24 ¶¶5, 28-31, 35, 58; Doc. No. 1.)

Accordingly, after evaluating Plaintiff's allegations in numerous ways, we find that Plaintiff's alleged harm is distinct from precedent where Courts in this jurisdiction have found concreteness. See Mielo, 897 F.3d at 479. We hold that Plaintiff has failed to plead a concrete injury-in-fact under Article III for any of Plaintiff's claims for any relief. Thus, we need not discuss the traceability and redressibility

requirements of constitutional standing, nor need we analyze the Counts or the request for class certification.

## **Conclusion**

We grant Defendant's Rule 12(b)(1) Motion to Dismiss for lack of subject-matter jurisdiction as to all claims and requested relief without leave to amend.[2]  We deny as moot Defendant's Motion to Dismiss under Rule 12(b)(6).  An appropriate Order follows.

---

[2] Generally, District Courts in the Third Circuit should dismiss without prejudice when constitutional standing is lacking. Kamal, 918 F.3d at 119; Kamal v. J. Crew Grp., Inc., 2019 WL 4267894, at *6 (D.N.J. Sept. 10, 2019) (appealed).  However, when amendment would be futile, District Courts may dismiss without leave to amend. Kamal, 2019 WL 4267894, at *6.  Here, Plaintiff's Amended Complaint reiterates the facts and legal conclusions stated in the initial Complaint and rejected in our previous opinion. Thorne, 397 F. Supp. 3d at 667–68.  As in Kamal, 2019 WL 4267894, at *6, amendment would be futile because Plaintiff's alleged harms cannot establish standing as a matter of law.  See Kamal, 2019 WL 4267894, at *6.